**ORIGINAL**

WEIL & ASSOCIATES
David Weil, Esq., State Bar No. 180420
Adam Jay Jaffe, Esq., State Bar No. 249177
295 Redondo Avenue, Suite 203
Long Beach, CA 90803
Telephone: (562) 438-8149 / Fax: (562) 438-8170
E-mail: dweil@weilaw.com

Attorneys for Plaintiff
    CALIFORNIA BANK & TRUST,
    as Assignee of the FDIC as
    Receiver for Vineyard Bank, N.A.

FILED
2009 SEP 17 AM 11:10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA BANK & TRUST, a California corporation, as Assignee of the FDIC as Receiver for Vineyard Bank, N.A.<br><br>    Plaintiff,<br><br>vs.<br><br>M/Y "CRYSTAL," U.S. Official No. 910447, and all of Her Engines, Tackle, Accessories, Equipment, Furnishings and Appurtenances, *in rem*; CRYSTAL LLC, a California corporation; and JOHN J. SEMPRE, an individual, *in personam*,<br><br>    Defendants. | CASE NO.: '09 CV 2029 JM POR<br><br>**IN ADMIRALTY**<br><br>**ORDER APPOINTING SUBSTITUTE CUSTODIAN** |

    Plaintiff CALIFORNIA BANK & TRUST, by and through its attorneys, having appeared and made the following recitals:

    1.    On September 16, 2009, the Complaint herein was filed praying that the Motor Yacht "CRYSTAL," Official Number 910447 (the "Vessel") be arrested, condemned and sold to pay Plaintiff's demands and claims and for other proper relief.

    2.    On or about the date printed below in connection with the issuance of this Order, the Court issued a Warrant for the arrest of the Vessel commanding the United

States Marshal for this District to arrest and take into custody the Vessel until further order of this Court respecting same.

3. It is contemplated that the United States Marshal will seize the defendant Vessel forthwith. Custody by the United States Marshal requires the services of one or more keepers alone and does not include charges and other services usually associated with safekeeping vessels similar to the defendant Vessel.

4. Nielsen-Beaumont Marine, Inc. has agreed to assume the responsibility of safekeeping the Vessel and has consented to act as her substitute custodian until further order of this Court. Nielsen-Beaumont Marine, Inc. shall provide the following services for the safekeeping of the defendant Vessel, as described in the Declaration of Don Beaumont filed concurrently herewith:

    a. Assume custody from the United States Marshal at the place of her arrest and move the Vessel to Nielsen Beaumont's facility at 2420 Shelter Island Drive, San Diego, CA 92106, and store the vessel at that location or at other facilities operated by Nielsen-Beaumont within the Port of San Diego, until further order of this Court.

    b. As soon as possible after assuming custody of the Vessel, photograph and/or videotape the interior and exterior of the Vessel, and prepare a written inventory of the equipment and property aboard the Vessel which is not installed as a part of the Vessel.

    c. Periodically inspect mooring lines and fenders to insure safe and secure mooring of the Vessel.

    d. Periodically inspect the Vessel for watertight integrity, excessive bilge water and fuel or lubricant leaks.

    e. Provide additional services such as cleaning, minor maintenance, periodic inspection and cleaning of the bottom of the Vessel by a diver, and such other services which, in Nielsen Beaumont's sole discretion and evaluation, are appropriate for keeping and maintaining a vessel of the type which is the subject of this action.

   f. Periodically operate machinery if, in Nielsen Beaumont's sole discretion and evaluation, such operation may be performed without significant risk to the Vessel or to Nielsen Beaumont personnel.

   g. Provide such other services as may be required from time to time by further order of this Court.

  5. Nielsen-Beaumont Marine, Inc., as substitute custodian, by the declaration of Don Beaumont, avers that it has supervisory capabilities for the proper safekeeping of the vessel and that it has commercial marine liability insurance with an aggregate coverage limit of $4,000,000.00. Further, in said Declaration, Nielsen-Beaumont Marine, Inc. accepts, in accordance with the terms of this Order, possession of Defendant vessel, which is the subject of the action herein.

  6. Plaintiff, in consideration of the United States Marshal's consent to the substitution of custody, agrees to release the United States Marshal from any and all liability and responsibility arising out of the care ands custody of the Defendant vessel, from the time the Marshal transfers possession of said vessel over to said substituted custodian.

**THEREFORE, IT IS HEREBY ORDERED**
that the United States Marshal for the Southern District of California be, and is hereby authorized and directed, upon seizure of said defendant Motor Yacht "CRYSTAL," Official Number 910447, pursuant to the process of Maritime Arrest, to surrender the possession thereof to the substitute custodian named herein, and that upon such surrender, shall be discharged from his duties and responsibilities for the safekeeping of said vessel.

////
////
////

**IT IS FURTHER ORDERED**

that Nielsen-Beaumont Marine, Inc. be, and is hereby appointed, the custodian of the defendant Motor Yacht "CRYSTAL," and to tow or arrange for the tow of the Vessel from the location where it is seized to the facilities of Nielsen-Beaumont Marine, Inc. located in the Port of San Diego, CA, and to retain the same in its custody for possession and safekeeping and in accordance with the declaration of Don Beaumont and the recitals herein contained until further order of this Court.

**IT IS FURTHER ORDERED**

that Nielsen-Beaumont Marine, Inc. may, if deemed by Nielsen-Beaumont in its sole discretion to be necessary or desirable for the proper security and maintenance of the Vessel during the custodial period, tow or arrange for the tow of the Vessel from the location where it is initially stored by Nielsen-Beaumont to other facilities of Nielsen-Beaumont Marine, Inc. located in the Port of San Diego, CA.

**IT IS FURTHER ORDERED**

that all expenses for the safekeeping of defendant Vessel shall be deemed administrative and custodial expenses of the substitute custodian.

Dated: 9/17/09

JUDGE OF THE
UNITED STATES DISTRICT COURT