UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA BANK & TRUST, a California corporation, as Assignee of the FDIC as Receiver for Vineyard Bank, N.A.<br><br>    Plaintiff,<br><br>vs.<br><br>M/Y "CRYSTAL," U.S. Official No. 910447, and all of Her Engines, Tackle, Accessories, Equipment, Furnishings and Appurtenances, *in rem*;<br>CRYSTAL LLC, a California corporation; and JOHN J. SEMPRE, an individual, *in personam*,<br><br>    Defendants. | CASE NO.: **09 CV 2029 JM POR**<br><br>**IN ADMIRALTY**<br><br>**ORDER FOR THE INTERLOCUTORY SALE OF THE DEFENDANT MOTOR YACHT "CRYSTAL"**<br><br>**Courtroom: 16 (5th Floor)**<br>**Hon. JEFFREY T. MILLER** |

This matter is before the Court on the Plaintiff's Application for Interlocutory Sale of the defendant Motor Yacht "CRYSTAL," U.S. Official No. 910447, together with all of Her Engines, Tackle, Accessories, Equipment, Furnishings and Appurtenances (hereinafter referred to as "the Vessel").

Based upon the pleadings and papers on file herein, and good cause appearing therefore;

1.    The Vessel is hereby condemned and the United States Marshal of this

1  District is hereby directed to sell the Vessel in accordance with the Marshal's rules and
2  regulations governing such sales, at the place of business of the substitute custodian
3  NIELSEN-BEUAMONT MARINE, INC., located at 2420 Shelter Island Drive, San
4  Diego, California, 90813-4038.

6       2.    The sale shall take place such date and time to be arranged by Plaintiffs'
7  counsel upon consultation with the Marshal, continuing until completed as ordered by
8  the United States Marshal;

10      3.    A Notice of Sale shall be published by the United States Marshal in the
11 official papers of this Court, for six (6) days prior to the date of the sale of the Vessel;

13      4.    Plaintiff may, at its sole option, effect such other advertisement as can be
14 secured at a reasonable cost, and the expense of such advertisement is hereby approved
15 as a cost of administration, recoverable from the proceeds of sale;

17      5.    The United States Marshal shall conduct the sale of the Vessel in such a
18 manner that all such bidders are identified to the satisfaction the Marshal prior to the
19 commencement of the sale.

21      6.    The minimum opening bid shall be **$2,112,000.00**. Following the opening
22 bid, if any, the marshal is directed to only accept succeeding bids in minimum
23 increments of $10,000.00;

25      7.    The Vessel shall be sold on an "AS IS, WHERE IS" basis at the public
26 auction to the highest bidder, free and clear of all liens and encumbrances;

28      8.    Except as otherwise provided herein or in the Marshals' Rules, the

successful bidder will be required to pay the United States Marshal:

    a.    Immediately upon the close of the sale, ten percent (10%) of the successful bid price by cash, certified check or bank cashier's check payable to the "United States Marshal" and drawn on a federal or state chartered bank in good standing prior to the close of the auction; and

    b.    The remaining ninety percent (90%) of the successful bid price by cash, certified check or bank cashier's check payable to the "United States Marshal" and drawn on a federal or state chartered bank in good standing prior to the confirmation of the sale by the Court or within three (3) days of the dismissal of any opposition which may have been filed, exclusive of Saturdays, Sundays and holidays, in accordance with Local Civil Rule E.1.e;

9.    In the event of a failure of the successful bidder to pay the balance of the purchase price as and when due, the entire deposit amount shall be forfeited and applied toward administrative costs, and any excess shall be applied toward satisfaction of the liens upon the Vessel according to their priority as later established, and further, Plaintiff shall thereby be deemed to be the successful bidder in the amount of the Maximum Credit Bid Amount as set forth below, less the amount of such forfeited deposit.

10.    Plaintiff may bid all or part of its lien claim amount, in an amount not to exceed the sum of **$2,112,000.00** (the "Maximum Credit Bid Amount"), against the Vessel in lieu of cash at the Marshal's sale of the Vessel. If Plaintiff is the successful bidder, it shall be required to pay to the U.S. Marshal only such amount as is sufficient to secure the outstanding Marshal's fees, costs, and commission. Plaintiff must pay such amount within 10 days after said fees, costs, and commission have been determined and notice thereof has been received by Plaintiffs.

11.    The balance of any deposit that has been posted by Plaintiff with the office

of the U.S. Marshal in connection with Plaintiff's arrest of the Vessel may be applied to any amounts owed to the Marshal in connection with a successful bid by Plaintiff.

12. The cash proceeds of the sale shall be deposited in the registry of the Court, and will be held there pending further order of the Court;

13. If no written objection is filed with the Court challenging the sale of the Vessel within three (3) days of such sale (exclusive of Saturdays, Sundays and holidays), the sale shall stand confirmed pursuant to Local Civil Rule E.2.e.

14. Prospective bidders, upon application to the substitute custodian's representative Michael Lockard, telephone number (619) 222-4255, may board the Vessel for the purpose of inspection provided that it shall be at the sole expense and risk of such person making the inspection, and that the Plaintiff, the substitute custodian, and the United States Marshal shall have no responsibility for injury or damage suffered by any person in connection with such inspection, and that by such boarding of the Vessel, such person or persons inspecting the Vessel shall thereby hold harmless and indemnify the Plaintiff, the substitute custodian, and the United States Marshal for any damages arising from or related to such boarding of the Vessel, including damage to the Vessel itself;

15. The clerk shall immediately issue a Writ of Vendition Exponas for the Vessel and cause said writ to be delivered to the United States Marshal.

DATED: December 10, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge